IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CASCADIA WILDLANDS,                      Case No. 3:12-cv-00961-AA
CENTER FOR BIOLOGICAL                                     ORDER
DIVERSITY, and AUDUBON
SOCIETY OF PORTLAND,

          Plaintiffs,

     v.

JOHN KITZHABER, in his official
capacity as Governor of Oregon
and Chair of the State Land
Board; TED WHEELER and KATE
BROWN, in their official
capacity as members of the
State Land Board; DOUG DECKER,
in his official capacity as
Oregon State Forester with the
Oregon Department of Forestry;
LOUISE SOLLIDAY, in her official
capacity as Director of the
Department of State Lands; JOHN
BLACKWELL, in his official
capacity as Chair of the Oregon
Board of Forestry; SYBIL ACKERMAN,

Page 1 - ORDER

CINDY DEACON WILLIAMS, NILS
CHRISTOFFERSEN, TOM INSKO, GARY
SPRINGER, and STEVE WILSON, in
their official capacity as Board
Members of the Oregon Board of
Forestry; TOM SAVAGE, in his
official capacity as District
Forester for the Astoria District;
JIM YOUNG, in his official capacity
as the District Forester for the
Coos District; ANDY WHITE, in his
official capacity as the District
Forester for the Forest Grove
District and DAN GOODY, in his
official capacity as the District
Forester for the Tillamook District,

       Defendants,

    v.

OREGON FOREST INDUSTRIES COUNCIL,
a non-profit corporation, DOUGLAS
TIMBER OPERATIONS, a non-profit
corporation, HAMPTON TREE FARMS
INC., an Oregon Corporation, SENECA
SAWMILL COMPANY, an Oregon
Corporation, and SCOTT TIMBER CO.,
an Oregon Corporation,

       Defendant-Intervenors,

    v.

ASSOCIATION OF OREGON COUNTIES,

       Defendant-Intervenor.

_____

AIKEN, Chief Judge:

    On June 29, 2012, plaintiffs filed a motion for a preliminary

injunction to enjoin the logging or auction of eleven timber sales

Page 2 - ORDER

on the Tillamook and the Elliot State Forests, and against any further logging activities in known occupied marbled murrelet sites in Tillamook, Clatsop, and Elliot State Forests. Presently, the timber sales at issue are subject to a voluntary standstill pending the outcome of this case or no earlier than 60-days after notice is given by defendants to resume the challenged action.

## DISCUSSION

### I. Mootness

Defendants first argue that because the disputed timber sales are subject to a voluntary standstill, a decision by the Court on the pending motion will have no practical effect, and therefore not justiciable and should be denied as moot. Defs.' Resp. to Mot. for Prelim. Inj. at 6. Judicial power is limited to decisions in cases and controversies where a decision will have a practical effect on the rights of the parties. Matters that are moot, "where no actual or live controversy exists," are not justiciable. Cook Inlet Treaty Tribes v. Shalala, 166 F.3d 986, 989 (9th Cir. 1999). Where circumstances change while litigation is pending, an issue may be rendered moot because "[t]he federal courts lack power to make a decision unless the plaintiff has suffered an injury in fact, traceable to the challenged action, and likely to be redressed by a favorable decision." Snake River Farmers v. Dept. of Labor, 9 F.3d 792, 795 (9th Cir. 1993). However, it is well settled that "a

defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of a practice." City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982). The standard for determining whether a case has been mooted is stringent: a case might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to occur; the heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to resume lies with the party asserting mootness. See Friends of the Earth, Inc. v. Laidlaw Envt'l Serv (TOC), Inc., 528 U.S. 167, 189 (2000) (internal citations and quotations omitted).

Defendants assert that since June 13, 2012, the Oregon Department of Forestry (ODF) has refrained from taking any action on six of the eleven timber sales at issue, and have further refrained from taking action on the other five sales at issue since plaintiff filed the present motion. Defendants submit that ODF, through its Chief of the State Forests Division, has affirmed that this new position will remain until either a resolution is reached on the merits or otherwise, or that ODF may exercise an option with 60-days notice to plaintiffs to resume activities on any number of the disputed timber sales. Defs.' Resp. to Mot. for Prelim. Inj. at 5 n.1 (citing Decl. of Bordelon, ¶ 5).

Because defendants have retained the right to simply resume

Page 4 - ORDER

logging operations after providing notice, a possibility of recurrence of the allegedly illegal logging activities exists. "An action for an injunction does not become moot merely because the conduct complained of was terminated if there is a possibility of recurrence." F.T.C. v. Affordable Media, 179 F.3d 1228, 1237 (9th Cir. 1999). Therefore, Plaintiffs' request is not moot.

## II. Injunctive Relief

Defendants next argue that plaintiffs' preliminary injunction request does not satisfy the requirements for a preliminary injunction as mandated by the Supreme Court in Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008). Under Winter, plaintiffs must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. See id. at 20. Defendants argue that plaintiffs' fail on the second prong because they "cannot establish under the status quo that they are in imminent danger of being harmed by alleged taking of marbled murrelets by timber sales that have not been put up for auction or sales that have been contracted but are suspended." Defs.' Resp. to Mot. for Prelim. Inj. At 6. As discussed above, the status quo is that logging operations have been voluntarily suspended, but may be resumed by providing notice. Since defendants are not legally bound by their voluntary

cessation of activities, they have not met the burden of establishing that "it is absolutely clear that the allegedly wrongful behavior could not be expected to recur." See Friends of the Earth, 528 U.S. at 189 (citing U.S. v. Concentrated Phosphate Export Assn., 393 U.S. 199, 203 (1968)). "For those species now threatened with extinction, the harm may be irreparable in the most extreme sense of that overused term." Earth Island Institute v. Mosbacher, 746 F.Supp. 964, 975 (N.D. Cal. 1990). Because the suspension of logging activities may be lifted at any time with 60-days notice, and due to the imperiled status of the marbled murrelet, the status quo includes an imminent threat of irreparable injury under the ESA. Plaintiffs have thus established the second prong. Defendants do not contest that plaintiffs have established the remaining prongs under Winter. As the Court finds that plaintiffs have sufficiently established likelihood of success on the merits, a balance of equities in their favor, and that an injunction is in the public interest, the requirements for preliminary injunctive relief under Winter are satisfied. See Pls.' Mem. in Supp. of Mot. for Prelim. Inj.

## CONCLUSION

Plaintiffs' motion for a preliminary injunction (doc. 21) is GRANTED. Pursuant to Fed. R. Civ. P. 65, the Court hereby enjoins the eleven timber sales at issue in this case, as well as any further logging activities in known occupied marbled murrelet sites in the

Page 6 - ORDER

Tillamook, Clatsop, and Elliot State Forests. This preliminary injunction will be remain in place until the Court has ruled on any future dispositive motions in this case, or until the matter is otherwise resolved.

      IT IS SO ORDERED.

      Dated this _____ of November 2012.

_____
Ann Aiken
United States District Judge